**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHARA L. CORDOVA,
                Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-0845-21-0545-I-1

DATE: February 15, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Chara L. Cordova</u>, Arcadia, California, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The agency has filed a petition for review of the initial decision, which reversed a reconsideration decision issued by the Office of Personnel Management (OPM) that concluded that the appellant had received an overpayment of Federal Employees' Retirement System (FERS) disability

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

retirement benefits and was not entitled to a waiver of the overpayment. For the reasons discussed below, we GRANT the agency's petition for review, VACATE the initial decision, and REMAND the matter to the Western Regional Office for further adjudication in accordance with this Remand Order.

## ANALYSIS

¶2     Neither party disputes the administrative judge's conclusion that OPM proved the existence and amount of the $21,102.00 overpayment at issue, which occurred as a result of the appellant's concurrent entitlement to FERS disability retirement benefits and Social Security Administration (SSA) disability insurance benefits for the period of January 1, 2018, through March 30, 2020. Initial Appeal File (IAF), Tab 12 at 29-34, Tab 29, Initial Decision (ID) at 6-7; *see* 5 U.S.C. § 8452(a); *Johnston v. Office of Personnel Management*, 70 M.S.P.R. 109, 112-17, *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table); 5 C.F.R. § 844.302. Thus, the dispositive issue in this matter is whether the appellant is entitled to a waiver of the overpayment.

We vacate the administrative judge's conclusion that the appellant is entitled to a waiver of the overpayment and remand the matter for further adjudication.

¶3     The appellant bears the burden of establishing her entitlement to a waiver by substantial evidence.[2] 5 C.F.R. § 845.307(b). To establish entitlement to a waiver of an overpayment, the appellant must show (1) that she was without fault and (2) that recovery of the overpayment would be against equity and good conscience. 5 U.S.C. § 8470(b); *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 5 (2007); 5 C.F.R. § 845.301. Here, the administrative judge concluded both that the appellant was without fault in creating the overpayment and that recovery of the same would be against equity and good conscience. For

---

[2] Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

the reasons set forth herein, we vacate these findings and remand the matter for further adjudication.

*The administrative judge applied an incorrect legal standard in determining whether the appellant was at fault in creating the overpayment.*

¶4      The administrative judge concluded that the appellant was without fault in creating the overpayment because, although it was undisputed that she had been advised of her obligation to immediately inform OPM of her receipt of SSA benefits, she was not awarded SSA benefits until January 2020, "only several months before" April 25, 2020, when OPM notified her of the overpayment.  ID at 7-8.  The administrative judge reasoned that the appellant "had no control over the fact that, as a result of SSA's decision to award her benefits retroactive to January 1, 2018, she had received two full years of FERS disability retirement overpayments that occurred between January 1, 2018, and December 31, 2019."[3] ID at 8.

¶5      In determining fault, pertinent considerations generally include the following:  (1) whether payment resulted from any statement the appellant should have known to be incorrect; (2) whether payment resulted from any failure on her part to disclose material facts in her possession that she should have known to be material; and (3) whether she accepted a payment that she knew or should have known to be erroneous.  *Knox*, 107 M.S.P.R. 353, ¶ 6; 5 C.F.R. § 845.302(a).  The recipient of an overpayment is deemed to be without fault if the individual "performed no act of commission or omission which resulted in the overpayment."  5 C.F.R. § 845.302.  OPM guidelines clarify that an individual is held to be without fault, even if she knew or should have known that the payment

---

[3] We find the administrative judge's characterization of the appellant having received "two full years of FERS disability retirement overpayments *that occurred between January 1, 2018, and December 31, 2019*" imprecise.  ID at 8 (emphasis added).  Indeed, although the appellant was awarded SSA benefits retroactive to January 1, 2018, the administrative judge found that substantial evidence established that she did not receive any money from SSA until January 2020.  *See* ID at 7-8.

was erroneous, if she contacted OPM within 60 days of the receipt of an overpayment to question the correctness of the payment. *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System* (OPM Policy Guidelines), § I.B.6 (1995) (located at IAF, Tab 12 at 90). Here, the appellant never notified OPM of the overpayment. Instead, approximately 4 months (i.e., more than 60 days) after the appellant was awarded SSA benefits, OPM independently learned of the same. IAF, Tab 12 at 36. Thus, applying the correct legal standard, the appellant has so far failed to show that she was without fault in creating the overpayment. *See Ewing v. Office of Personnel Management*, 100 M.S.P.R. 224, ¶ 5 (2005) (concluding that the appellant was at fault regarding an overpayment when he failed to follow the directions provided in OPM's notification); *cf. Boyd v. Office of Personnel Management*, 851 F.3d 1309, 1313 (Fed. Cir. 2017) (explaining that an appellant who promptly notifies OPM of an overpayment is categorically deemed to be "without fault").

¶6 However, our inquiry does not end here. To this end, the appellant argued before the administrative judge that, at the time she was approved for disability retirement under FERS, she was undergoing intense psychiatric treatment that prevented her from understanding the paperwork she had received from OPM; in other words, the appellant contended that her mental condition caused her to accept an erroneous payment.[4] IAF, Tab 1 at 5; *see* 5 C.F.R. § 845.302(b) (stating that an individual's mental condition may mitigate against finding fault if it contributed to the appellant's acceptance of an erroneous payment). Because resolving the factual question of whether the appellant's mental condition rendered her incapable of knowing or suspecting that she had received an overpayment may require credibility determinations that are best made first by the administrative judge, we remand the matter for further adjudication.

---

[4] Although the administrative judge acknowledged this argument, ID at 4, he did not consider it in his analysis of fault, ID at 7-8.

*The administrative judge applied an incorrect legal standard in determining whether recovery would be against equity and good conscience.*

¶7     The administrative judge concluded that recovery of the overpayment would be against equity and good conscience because it would create a substantial financial hardship for the appellant.  ID at 8-17.  In so concluding, he reasoned that the appellant was not required to set aside the overpayment because her January 2020 award of SSA benefits was retroactive and, therefore, she "was not aware that she was receiving an overpayment until nearly all of the overpayment had already occurred."[5]  ID at 8-9.

¶8     Recovery of an overpayment is against equity and good conscience if an appellant can establish the following:  (1) recovery would cause her financial hardship; (2) she relinquished a valuable right or changed positions for the worse because of the overpayment; or (3) recovery would be unconscionable under the circumstances.[6]  *Markanich v. Office of Personnel Management*, 104 M.S.P.R. 323, ¶ 14 (2006); 5 C.F.R. § 845.303.  In assessing these factors, the Board has found that Federal annuitants who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment and that in the absence of exceptional circumstances[7]—which do not include financial hardship—recovery in these cases is not against equity and good conscience.  *Knox*, 107 M.S.P.R. 353, ¶ 8.

[5] Again, the administrative judge's phrasing is imprecise.  As stated, although the appellant was awarded SSA benefits retroactive to January 1, 2018, the administrative judge found that substantial evidence established that she did not receive any monetary benefits from SSA until January 2020.  *See* ID at 7-8.

[6] We discern no basis to disturb the administrative judge's conclusions that the appellant failed to show either (1) that she relinquished a valuable right or changed positions for the worse because of the overpayment or (2) that recovery would be unconscionable under the circumstances.  ID at 9-10.  Thus, the dipositive issue for purposes of determining whether recovery would be against equity and good conscience is whether recovery of the overpayment would cause the appellant financial hardship.

[7] OPM Policy Guidelines explain that "[e]xceptional circumstances would involve extremely egregious errors or delays by OPM—e.g., a failure to issue a written decision within 4 years of a debtor's request for waiver."  IAF, Tab 12 at 93.

¶9    Here, it is unclear why the administrative judge concluded that the retroactive nature of the appellant's SSA benefits rendered the set-aside rule inapplicable to her; indeed, the Board has previously found that the rule applies in such circumstances. *E.g.*, *Gulan v. Office of Personnel Management*, 86 M.S.P.R. 16, ¶¶ 3-4, 9 (2000). Thus, applying the correct standard, we would agree with OPM's contention that the appellant should have set aside any disbursement from SSA in order to repay OPM for the corresponding reductions that should have been taken from her disability retirement benefits. IAF, Tab 12 at 14, 66. However, as stated, the appellant argued that her mental conditions precluded her from understanding correspondence from OPM. IAF, Tab 1 at 5. Accordingly, on remand, the administrative judge shall determine whether the appellant's mental conditions precluded her from knowing or suspecting that she was receiving an overpayment and, therefore, whether the set-aside rule should apply to her. *See Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶¶ 8-10 (2010) (remanding an overpayment appeal for further adjudication regarding the set-aside rule when the administrative judge failed to consider the appellant's claim that his deteriorating mental conditions led him to erroneously believe that he had not received an overpayment).

On remand, the administrative judge shall further develop the record regarding the appellant's finances.

¶10    As stated, the administrative judge concluded that the appellant showed by substantial evidence that recovery of the overpayment would create a financial hardship for her. ID at 10. Although the administrative judge found that the appellant's monthly living expenses exceeded her monthly income, ID at 15-16, he also acknowledged that, at the time she filed her Board appeal, she had "a substantial amount of personal savings," i.e., approximately $52,000.00 as of October 2021, ID at 16; IAF, Tab 24 at 5. The administrative judge expressed

uncertainty as to the source of some these savings,[8] a large portion of which stemmed from recent deposits. ID at 12; IAF, Tab 24 at 10, Tab 25 at 5, Tab 26 at 6. To this end, the administrative judge acknowledged that the appellant had testified that some of these deposits reflected her sale of a diamond ring; however, he found it "largely improbable that she was able to generate nearly $20,000.00 from the sale of diamonds from a single ring." ID at 12.

¶11    Financial hardship may be deemed to exist when the appellant "needs substantially all of [] her current income and liquid assets to meet current and ordinary living expenses and liabilities." 5 C.F.R. § 845.304. However, when information submitted by the appellant is incomplete, the administrative judge should request additional information so that he can make a reasoned determination on the question of financial hardship. *Zelenka v. Office of Personnel Management*, 107 M.S.P.R. 522, ¶ 15 (2007).

¶12    Here, we find the information concerning the appellant's financial status to be incomplete; accordingly, we vacate the administrative judge's conclusion that the appellant showed by substantial evidence that recovery of the overpayment would create a financial hardship for her. On remand, the administrative judge shall further develop the record regarding the appellant's finances and provide the appellant an opportunity to submit an updated Financial Resources Questionnaire (FRQ).[9] *See Zucker*, 114 M.S.P.R. 288, ¶ 9 (instructing the administrative judge

---

[8] The appellant indicated on a July 7, 2021 Financial Resources Questionnaire that she had $39,000.00 in savings. IAF, Tab 12 at 17. Banking statements that she provided indicated that, as of September 2021, she had over $54,000.00 in savings. IAF, Tab 24 at 9. The appellant also seemingly paid off a $7,528.32 car loan during the pendency of her appeal before the administrative judge. IAF, Tab 12 at 17, Tab 24 at 4.

[9] To the extent the administrative judge concludes on remand that the appellant is not entitled to a waiver of the overpayment, this additional evidence will be relevant for purposes of the repayment schedule. Indeed, even if an appellant is not entitled to a waiver of recovery of the overpayment, she is entitled to an adjustment of OPM's recovery schedule if she is able to show that recovery under that schedule would cause her a financial hardship. *Malone v. Office of Personnel Management*, 113 M.S.P.R. 104, ¶ 4 (2010); 5 C.F.R. § 845.301.

to provide the appellant an opportunity to submit an updated FRQ when remanding an overpayment appeal).

¶13    Accordingly, we remand this appeal to the Western Regional Office for further adjudication. On remand, the administrative judge shall apply the legal standards set forth above, further develop the record as described, and, if necessary, hold a supplemental hearing. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶14    For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.